

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

February 21, 1950

Hon. Hulon C. Hall
County Attorney
Grimes County
Anderson, Texas

Opinion No. V-1011.

Re: Authority of County School
Board under Art. VIII, S.B.
116, Acts 51st Leg., R.S.
1949, ch. 334, p. 625, to
consolidate an independent
school district with an ad-
joining district, under the
submitted facts.

Dear Sir:

Your request for an opinion reads, in part, as follows:

"In the Plantersville Independent School Dis-
trict, Grimes County, Texas, a white school
has not been maintained for several years, but
a negro school has been maintained and is still
in operation. The scholastic census taken
April 1, 1947, disclosed that there were a
greater number of negro scholastics than whites,
but the census of April 1, 1948 revealed that
there were more whites than negroes, as did al-
so the census of April 1, 1949. In other words,
to clarify, here was the situation for the past
three years.

"1947-48 Negroes had the greater number of enu-
merated scholastics. A negro school was main-
tained, but no white school.

"1948-49 Whites had the greater number of enu-
merated scholastics. A negro school was main-
tained, but no white school.

"1949-50 Whites have the greater number of enu-
merated scholastics. A negro school is being
maintained, but no white school."

The following two questions are presented:

1. Under Article VIII, S.B. 116, Acts
51st Leg., 1949, R.S., Ch. 334, p. 625 (Art.

2922-18, V.C.S.) does the County School Board
of Grimes County have the authority to con-
solidate the Plantersville I.S.D. with an ad-
joining district at this time?

2. When may the County School Board of
Grimes County exercise its consolidation au-
thority with respect to the Plantersville I.
S.D. under existing law?

Insofar as pertinent to this opinion, Article
VIII of Senate Bill 116, Acts 51st Leg., R.S. 1949, ch.
334, p. 625 (Art. 2922-18, V.C.S.) provides:

"Within thirty (30) days from the effect-
ive date of this Act, the County Board of
Trustees of the several counties of the State
are hereby authorized and required to consoli-
date by order of said Board each dormant school
district within the county (as herein defined)
with an adjoining district or districts. The
term 'dormant' as used herein shall mean any
school district that fails, for any two (2)
successive years subsequent to 1946-47 school
year, to operate a school in the district for
the race having the greater number of enumer-
ated scholastics in the district . . ."

In opinion No. V-855, this office held that the
fact that the Legislature defined "dormant" to apply to
any school district that fails for any two successive
years subsequent to the 1946-1947 school year, implies
that the power of the county board to consolidate there-
under shall continue beyond the thirty days from the ef-
fective date of Senate Bill 116. If the Legislature in-
tended the provision to apply only to school districts
dormant in the school years 1947-48 and 1948-49, it would
have clearly and expressly so provided.

In opinion No. V-856, which also construed Ar-
ticle VIII of Senate Bill 116, we held that although the
Legislature used the term "1946-1947 school year," its
intention, considering the Act as a whole, was to refer
to the school term which commenced in the Fall of 1946
and ended in the Spring of 1947. Therefore, if a school
district had not operated a school for the race having
the greater number of scholastics for two successive
years subsequent to the school term which began in 1946
and ended in the Spring of 1947, such district would be

a "dormant" district under and subject to the provisions of Article VIII.

The same meaning which we have given to the term "school year" as used in Article VIII, should be applied to the word "year" as used in the same sentence defining "dormant" and found in the phrase "for any two (2) subsequent years." National Surety Corp. v. Ladd, 131 Tex.295, 115 S.W.2d 600 (1938); 39 Tex. Jur. 201, Statutes, Sec. 108. Therefore, if a school district has not operated a school for the race having the greater number of enumerated scholastics for two successive annual school terms, subsequent to the school term which began in 1946 and ended in the Spring of 1947, such a district would be a "dormant" district subject to the consolidation provisions of Article VIII of Senate Bill 116.

Under the facts submitted, the Plantersville District does not presently fall within the statutory definition of a "dormant" school district. This is true for the reason that there has been operated a school for the race (negro) having the greater number of enumerated scholastics in the district in one of the school terms (1947-48) of the two successive years subsequent to the 1946-1947 school year. Since the whites did not have the greater number of enumerated scholastics in the school year 1947-48, there has not been within the two school years subsequent to 1946-47 two successive years when no school was operated in the district for the race having the greater number of enumerated scholastics. The district not presently being "dormant," as defined in the Act, the County School Board of Grimes County is without authority at this time to consolidate the Plantersville District with an adjoining district or districts.

We will now consider the second question presented. Under the facts submitted, the whites had the greater number of enumerated scholastics during the 1948-49 school year, but no white school was maintained in the district for that year. In the present school year or term, 1949-50, whites have the greater number of enumerated scholastics, and again no white school is being maintained in the district. By virtue of the provisions of Article VIII, as construed in opinion V-856 and herein, we are of the opinion that authority will lie in the County Board to consolidate Plantersville District with another district or districts following the

termination of its 1949-50 school term in the Spring of 1950. This is true for the reason that there will then have been two successive annual school terms, subsequent to the school term which began in 1946 and ended in the Spring of 1947, in which no school was operated for the race having the greatest number of enumerated scholastics.

The district's enumerated scholastics for the school year 1949-1950 is that determined by the scholastic census taken in 1949 in accordance with Articles 2816-2822, incl., V.C.S., and not by the census to be taken and determined in 1950.

### SUMMARY

Under the facts submitted, the Plantersville Independent District is not a "dormant" district as defined in Article VIII of Senate Bill 116, Acts 51st Leg., R.S. 1949, ch. 334, p. 625, and the County School Board of Grimes County is without authority as of the present time to consolidate such district with an adjoining district or districts. Under the existing facts, the Board will be vested with authority to consolidate such district following the termination of its 1949-1950 school term in the Spring of 1950. Art. 2922-18, V. C.S.; A. G. Opinions Nos. V-855 and 856.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Charles D. Mathews
Executive Assistant

By *Chester E. Ollison*

Chester E. Ollison
Assistant

CEO:mw:bh